## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

AT&T CORP., a New York corporation

v.

CIVIL ACTION
No: _____

TODD TOOL & ABRASIVE SYSTEMS,
INC., a Massachusetts corporation

## COMPLAINT

COMES NOW Plaintiff, AT&T Corp. ("Plaintiff"), through its undersigned counsel, and for its Complaint, complains and alleges of Todd Tool & Abrasive Systems, Inc. ("Defendant") as follows:

### PARTIES AND JURISDICTION

1. At all times mentioned, Plaintiff was, and now is, a corporation duly organized and existing under the laws of New York with its principal place of business located at One AT&T Way, Bedminster, New Jersey 07921, and authorized to do business as a foreign corporation within the State of Massachusetts.

2. Plaintiff is informed and believes and thereon alleges that Defendant is a corporation organized and existing under the laws of the state of Massachusetts with its principal place of business located at 56 Turnpike Road, Ipswich, MA 01938, to which location Plaintiff rendered the telecommunications services that are the subject of this Complaint.

3. The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is the matter is between citizens of different States.

### GENERAL ALLEGATIONS

4. AT&T Corp. is a provider of long distance telecommunications services.

5. On or about September 19th, 24th and 25th, 2009, AT&T Corp. provided international telecommunications services to Defendant under account number 051-667-8853-001 (the "Services").

6. The international calls were placed using carrier access number 10-10-288.

7. Upon information and belief, the international telephone calls that constitute the Services were placed through Defendant's telephone system and originated with Defendant's telephone number: (978) 356-0097.

8. Upon information and belief, Defendant alleges that the provisioning and use of the Services was unauthorized.

9. Upon information and belief, Defendant failed to take sufficient affirmative safeguarding measures to protect its phone system from any unauthorized use.

10. F.C.C. Tariff No. 30, Section 5, governs AT&T Corp.'s provisioning of "casual calling" or "10-10" services and charges for those services, which are at issue in this case.

11. Pursuant to F.C.C. Tariff No. 30, Defendant is the customer of record for the Services and is liable for all telecommunications services provided by AT&T Corp. to users who request services by accessing Defendant's telephone system.

12. Pursuant to FCC Tariff No. 30, Defendant owes $891,470.39, plus interest, costs and attorneys' fees, to Plaintiff for the Services provided.

13. Plaintiff has demanded payment in full for the Services provided to the Defendant, but has received no part of the $891,470.39 principal amount due. A copy of AT&T Corp.'s invoice to Defendant for the Services is attached hereto as **Exhibit A**.

## FIRST CAUSE OF ACTION
### (Breach of Contract/Tariff Violation)

14. Plaintiff incorporates by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 13 above.

15. Defendant's refusal and failure to pay for the Services, as set forth above, constitutes a breach of contract in violation of F.C.C. Tariff No. 30.

16. As a result of Defendant's breach of contract in violation of F.C.C. Tariff No. 30, Plaintiff has suffered damages in the amount of $891,470.39, plus interest, costs, attorneys' fees and other amounts that may be due under F.C.C. Tariff No. 30.

17. Plaintiff is entitled to all amounts owed under F.C.C. Tariff No. 30, plus interest, costs, and attorneys' fees associated with Defendant's breach and tariff violation.

## SECOND CAUSE OF ACTION
### (Quantum Meruit)

18. Plaintiff incorporates by reference as if fully set forth herein, the allegations contained in Paragraphs 1 through 13 above.

19. AT&T Corp. furnished long distance telecommunication services to users accessing Defendant's unsecured telephone system.

20. The telecommunication services were furnished by AT&T Corp. with the reasonable expectation that it would be paid for the services.

21. Defendant had actual or constructive notice that AT&T Corp. expected to be paid for services provided to users of Defendant's telephone system.

22. AT&T Corp.'s services were of value to the persons utilizing Defendant's telephone system to place the subject telephone calls.

23. Defendant is indebted to the Plaintiff under the theory of Quantum Meruit for a minimum of $891,470.39.

**WHEREFORE**, Plaintiff AT&T Corp. respectfully requests that the Court enter judgment in its favor against Defendant Todd Tool & Abrasive Systems, Inc. as follows:

1. For amounts due and owing under F.C.C. Tariff No. 30 including, but not limited to, $891,470.39 in unpaid usage and service charges, plus interest from the date the charge was due until it is paid, attorneys' fees and costs as allowed by applicable law; and

2. For such other relief as this Court deems just and proper.

Dated this 25 day of Feb, 2011

Respectfully submitted,

s/Jeremy M. Cohen
Jeremy M. Cohen BBO #631703
jmc@jmcohenlaw.com
Lane N. Goldberg BBO #673045
lgoldberg@jmcohenlaw.com
Cohen & Associates, P.C.
30 Church Street, #202
Salem, MA 01970
**Attorneys for Plaintiff AT&T Corp.**

4