**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 11 CA 10.31.9 NG**

| | |
|---|---|
| AT&T CORP., a New York corporation,<br>    Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| TODD TOOL & ABRASIVE SYSTEMS,<br>INC., a Massachusetts corporation,<br>    Defendant. | )<br>)<br>) |

**ANSWER AND COUNTERCLAIM**

NOW COMES Todd Tool & Abrasive Systems, Inc. and answers the Plaintiff's Complaint as follows:

**FIRST DEFENSE**

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of Plaintiff's Complaint.

2. Admitted except that Defendant denies that it was a customer of Plaintiff and denies that Plaintiff rendered any services to Defendant.

3. Admitted.

4. Admitted.

5. Denied.

6. Defendant denies that Plaintiff provided any services to Defendant, and further answers that Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of Plaintiff's Complaint.

7. Denied.

8. Defendant denies that Plaintiff provided any services to Defendant and states that if any services were provided via Defendant's telephone system, the provisioning and use of the services was unauthorized by Defendant.

9. Denied.

10. Defendant denies that Plaintiff provided any services to Defendant, and further answers that Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 10 of Plaintiff's Complaint.

11. Denied.

12. Denied.

13. Defendant denies that Plaintiff provided any services to Defendant and admits that it has made no payment to Plaintiff.

14. Defendant repeats and realleges its responses to paragraphs 1 through 13, above.

15. Denied.

16. Denied.

17. Denied.

18. Defendant repeats and realleges its responses to paragraphs 1 through 17, above.

19. Denied.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 20 of Plaintiff's Complaint.

21. Denied.

22. Defendant denies that Plaintiff provided any services to Defendant, and further answers that Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 22 of Plaintiff's Complaint.

23. Denied.

WHEREFORE Defendant Todd Tool & Abrasives, Inc. respectfully requests that the Court:

1. Dismiss Plaintiff's Complaint;

2. Order the Plaintiff to pay to the Defendant all attorneys fees and costs incurred by it in defending this Complaint; and

3. Order such other and further relief as the Court deems just and proper.

## SECOND DEFENSE

The Plaintiff is barred from recovery from the Defendant due to its failure to join a necessary party pursuant to F.R.C. P. 19.

## THIRD DEFENSE

To the extent that the Plaintiff suffered damages, said damages were not due to an act or omission of the Defendant but rather to acts or omissions of third parties over whom the Defendant had no power or control.

## FOURTH DEFENSE

To the extent that the Plaintiff suffered damages, the damages were the result of its own negligent acts or omissions in failing to exercise due care with regard to its alleged provision of services.

## FIFTH DEFENSE

To the extent that the Plaintiff suffered damages, the Plaintiff has failed to mitigate the same.

## SIXTH DEFENSE

The Plaintiff failed to institute a claim within the applicable limitations period.

## SEVENTH DEFENSE

To the extent that the Defendant owed any obligations or duties to the Plaintiff, which Defendant denies, said obligations and duties have been satisfied in full.

## EIGHTH DEFENSE

The Plaintiff is barred from recovery by the doctrine of laches.

## NINTH DEFENSE

The Plaintiff has failed to state a claim upon which relief may be granted.

## TENTH DEFENSE

The Plaintiff is barred from recovery due to insufficiency of service of process upon the Defendant

## ELEVENTH DEFENSE

Plaintiff has failed to establish that it had a contractual relationship with Defendant.

## COUNTERCLAIM

1. The Plaintiff- in-Counterclaim, Todd Tool & Abrasive Systems, Inc. (hereinafter "Todd Tool"), is a Massachusetts corporation with a principal place of business at 56 Turnpike Road, Ipswich, Massachusetts, 01938.

2. The Defendant-in- Counterclaim, AT&T Corporation (hereinafter "AT&T"), is a New York corporation with a principal place of business at One AT&T Way, Bedminster, New Jersey, 07921.

3. This counterclaim arises from the same facts and transactions as the original complaint and is so related to said claim that it forms part of the same case or controversy.

4. This court has jurisdiction over this counterclaim pursuant to 28 U.S.C 1367.

5. At all times pertinent, AT&T was in the business of providing telecommunications services, and engaged in trade or commerce in the Commonwealth of Massachusetts and in interstate commerce.

6. At all times pertinent Todd Tool was engaged in the business of the manufacture and sale of tools and abrasives within the Commonwealth of Massachusetts and in interstate commerce.

7. At no time was Todd Tool a customer of AT&T, nor did Todd Tool ever have any contractual or other relationship with AT&T.

8. At no time did Todd Tool request any service from AT&T.

9. At no time did Todd Tool owe a duty of any sort to AT&T.

10. In September of 2009, and at all times pertinent, Verizon was Todd Tool's exclusive telecommunications provider.

11. On or about September 20, 2009, Todd Tool was contacted by Verizon's Fraud Control department regarding potentially fraudulent calls utilizing Todd Tool's telephone system.

12. On or about September 21, 2009, Todd Tool received correspondence from Verizon stating that restrictions had been placed on its telephone lines to prevent further unauthorized use.

13. At all times pertinent, Todd Tool took all reasonable measures to prevent unauthorized access to its phone system.

14. On or about November 15, 2009, Todd Tool received a bill from AT&T in the amount of $891,470.39 for calls made to Somalia during the period of September 19 through September 24, 2009.

15. To the extent that AT&T ever provided long distance telephone services to anyone utilizing Todd Tool telephone system, Todd Tool was unaware of that fact since Todd Tool never contracted with AT&T and had never received a telephone bill from AT&T prior to the bill that is the subject of AT&T's Complaint.

16. From the time that Todd Tool received AT&T's bill until the time that AT&T filed the within Complaint, Todd Tool, by and through its corporate counsel, engaged in numerous communications with authorized agents and counsel for AT&T, and provided all pertinent information to AT&T necessary to demonstrate that it had no relationship with AT&T, that it had not authorized the services alleged to have been provided by AT&T, and that any services provided by AT&T were to third parties unknown to Todd Tool and over whom Todd Tool had no power or control.

17. Todd Tool received no benefit from the services alleged to have been provided by AT&T.

18. AT&T knew, prior to billing Todd Tool, that Todd Tool was not, and never had been, its customer, that Todd Tool had not requested services from AT&T, and that Todd Tool was not responsible for the alleged calls to Somalia as shown on the bill from AT&T.

19. AT&T knew, prior to billing Todd Tool, that in all likelihood the person or persons initiating the calls to Somalia were not authorized by Todd Tool to make said calls, yet AT&T billed Todd Tool for the calls without further investigation or inquiry to Todd Tool.

20. AT&T nevertheless represented to Todd Tool that it was legally obligated to pay for the alleged calls to Somalia irrespective of whether Todd Tool used or authorized use of the services.

## COUNT ONE – UNFAIR AND DECEPTIVE TRADE PRACTICES

21. Todd Tool repeats and realleges the averments contained in paragraphs 1 – 20, above, as though set forth in full herein.

22. The actions of AT&T described above occurred primarily and substantially within the Commonwealth of Massachusetts.

23. The actions of AT&T described above constitute unfair and deceptive trade practices as that term is defined by the provisions of Massachusetts General Laws Chapter 93A and the provisions of 15 USC 45.

24. By its actions AT&T violated MGL Chapter 93A Sections 2 and 11.

25. The actions of AT&T constituted willful and knowing violations of MGL Chapter 93A Section 2.

26. As a result of the unfair and deceptive trade practices of AT&T, Todd Tool suffered monetary and other losses, including incurring attorneys' fees and costs in defense of this

claim, both prior and subsequent to the initiation of AT&T's Complaint, and interference with its ability to engage in its usual business activities.

WHEREFORE Todd Tool respectfully requests that this court:

a. Award Todd Tool all of its attorneys' fees and costs in defending AT&T's claims in accordance with Massachusetts General Laws Chapter 93A;

b. Award Todd Tool monetary damages in an amount sufficient to compensate it for its losses incurred as a result of AT&T's unfair and deceptive trade practices;

c. Assess triple damages against AT&T due to it's the willful and knowing nature of the violations of Chapter 93A, and

d. Award such other and further relief as the court deems just and proper.

### COUNT TWO – ABUSE OF PROCESS

27. Todd Tool repeats and realleges the averments contained in paragraphs 1 – 26, above, as though set forth in full herein.

28. At all times pertinent, AT&T was represented by legal counsel.

29. The claims filed and prosecuted by AT&T against Todd Tool were wholly insubstantial, frivolous and not advanced in good faith.

30. AT&T filed and pursued said frivolous claims in order to utilize the legal process to gain an advantage to which it is not entitled.

31. Said actions by AT&T constitute abuse of process, and caused foreseeable damage to Todd Tool.

WHEREFORE Todd Tool respectfully requests that this court:

a. Award Todd Tool all of its attorneys' fees and costs in defending AT&T's claims in accordance with Massachusetts General Laws Chapter 231 Section 6F;

    b. Award Todd Tool monetary damages in an amount sufficient to compensate it for its losses incurred as a result of AT&T's abuse of process;

    c. Assess punitive damages against AT&T in an amount sufficient to punish AT&T for its actions and deter future wrongdoing by it; and

    d. Award such other and further relief as the court deems just and proper.

**PLAINTIFF IN COUNTERCLAIM DEMANDS**

**A TRIAL BY JURY FOR ALL CLAIMS SO TRIABLE**

Respectfully submitted,

**TODD TOOL & ABRASIVE SYSTEMS, INC.,**
By its attorney,

Dated: June 15, 2011

/s/ M. Donna Mandriota
M. DONNA MANDRIOTA
BBO No. 542049
Ipswich River Place
4 South Main Street, Suite 9
Ipswich, MA 01938
978-356-2934 x14

**CERTIFICATE OF SERVICE**

I, M. Donna Mandriota, hereby certify that on this 15th day of June, 2011, I did serve the within <u>Answer and Counterclaim</u> by forwarding a copy of same via first class mail, postage prepaid to ***Jeremy M. Cohen, Esq., Cohen & Associates, P.C., 30 Church Street, #202, Salem, MA 01970.***

/s/ M. Donna Mandriota
M. DONNA MANDRIOTA